IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY LOWELL ENDSLEY, and all other Non-LPS patients who are or may be committed to Napa State Hospital,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF STATE HOSPITALS; EDMUND G. BROWN; DOLLY MATTEUCCI; PAM AHLIN,<br><br>Defendants. | No. C 16-4219 WHA<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ON PENDING MOTIONS**<br><br>(Dkt. Nos. 4, 6, 7, 11) |

## INTRODUCTION

Plaintiff Mark Anthony Lowell Endsley, a civil detainee at Napa State Hospital, filed this pro se civil rights complaint under 42 U.S.C. § 1983 on behalf of himself and a class of other civil detainees comitted by the State of California to Napa state Hospital. The application to proceed *in forma pauperis* is **GRANTED**. For the reasons discussed below, the complaint is **DISMISSED** with leave to amend, and plaintiff's pending motions are **DENIED**.

## STANDARD OF REVIEW

Once a plaintiff has been granted IFP status, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff claims that defendants have violated federal law by having inadequate law library facilities and access, inadequate legal supplies, and prison standards for civil detainees at Napa State Hospital. He brings these claims on behalf of himself and other current and future civil detainees at Napa State Hospital, and he has filed a motion to certify such a class.

This case may not proceed as a class action. Pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Consequently, the claims that defendants are violating the rights of the class of civil detainees are dismissed, and the motion to certify a class is

1  denied.  Plaintiff may file an amended complaint in which he brings brings claims on his own
2  behalf that are cognizable under 42 U.S.C. 1983.

3  Plaintiff is cautioned that when he files an amended complaint, he may not include any
4  claims against the state, state agencies, or for anything other than prospective injunctive relief
5  against state officials sued in their official capacity, because such claims are barred by the
6  Eleventh Amendment.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Brown
7  v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009); *Confederated Tribes & Bands v.
8  Locke*, 176 F.3d 467, 469 (9th Cir. 1999).

**CONCLUSION**

For the foregoing reasons,

1. The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed.  The amended complaint must include the caption used in this order and the civil case number C 16-4219 WHA  and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

2. The motion for class certification is **DENIED**.

3. The motion for an order to show cause, a temporary restraining order, and a preliminary injunction are **DENIED** in light of the dismissal.  Such a motion may be renewed after plaintiff files an amended complaint in accordance with this order.

4. The motion for appointment of counsel is **DENIED** because the court does not have the authority to "appoint" counsel in a civil case.  If plaintiff amends the complaint, the claims prove sufficiently complex, and the interests of justice or the efficient resolution of this matter would be served by plaintiff's representation by counsel — such as if the amended complaint states cognizable claims and the case proceeds to trial — the case may be referred to Federal

Pro Bono Project of the San Francisco Bar Association for location of pro bono counsel who may be willing to represent plaintiff.

    5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

Dated: November 22, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE