IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK ANTHONY LOWELL ENDSLEY, and all other Non-LPS patients who are or may be committed to Napa State Hospital,

Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF STATE HOSPITALS; EDMUND G. BROWN; DOLLY MATTEUCCI; PAM AHLIN,

Defendants.

No. C 16-4219 WHA

**ORDER OF DISMISSAL**

Plaintiff is a civil detainee at Napa State Hospital, and he filed this civil rights complaint pro se about problems in the law library, the access thereto, and the failure to treat civil detainees better than prisoners. On November 22, 2016, the court dismissed the complaint with leave to amend. However, plaintiff filed his claims on behalf of a a class, and his pro se and detained status made him unfit to represent a class. Plaintiff was granted leave to file an amended complaint binging his claims on his own behalf.

On February 22, 2017, he was granted an extension of time in which to amend his complaint because he had filed a motion for an interlocutory appeal in the United States Court of Appeals of the dismissal order. He was granted until April 1, 2017, or 28 days after a decision on his interlocutory appeal, whichever came later. The Court of Appeals denied the motion for an interlocutory appeal on March 4, 2017, but he filed a motion for rehearing en banc, which was then denied on March 26, 2017. Plaintiff then petitioned the United States Supreme Court for a writ of certiorari on July 23, 2017, and he awaits a decision on the petition.

He was then granted another estension of time, to and to October 15, 2017, or within 28 days of the date his petition to the United States Supreme Court for a writ of certiorari is resolved, whichever came later. Plaintiff was cautioned: "<u>Failure to amend within the designated time and in accordance with the order of dismissal with leave to amend result in the dismissal of this case. No further extensions of time will be granted.</u>" (ECF No. 19) (emphasis in original). The Supreme Court denied the writ on October 24, 2017, and his deadline to amend the complaint was November 21, 2017. Plaintiff did not heed the warning, and he did not file an amended complaint by that deadline, and instead he asked for an even further extension of time.

Plaintiff has been given one year to prepare and file his amended complaint, and he has not shown good cause for needing more time than that. The reason plaintiff gives for his latest extension of time request is that he recently lost access to an operating type-writer or printer. As he had not yet prepared the amended complaint, he states that he would have to submit a hand-written amended complaint and make copies of that amended complaint for service upon defendants, which he does not want to do "in this day and age." This does not justify allowing more amount to cause for more time because plaintiff was never required to file a typed amended complaint or serve his amended upon defendants because they have not been served with summons or appeared. Plaintiff knows this because he filed the present motion for an extension of time written by hand and did not serve it on defendants. Plaintiff was cautioned that he would not be given a further extension of time to file his amended complaint, and that the case would be dismissed if he did not file an amended complaint in a timely manner. As he has not done so, or shown good cause why not, the request for an extension of time is **DENIED** and this case is **DISMISSED** without prejudice to filing his claims in a complaint on his own behalf and not in a pro se class action.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: December 4, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE